E-FILED
Tuesday, 14 July, 2026 04:06:13 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURTS
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| **OTIS HARRIS,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 26-1201-SEM-DJQ** |
| ) | |
| **BRENT SUMNER, et al.,** ) | |
| **Defendants.** ) | |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Otis Harris, proceeding *pro se* and currently in custody at Menard Correctional Center, filed the Complaint (#1) in this case on May 14, 2026. Therein, Plaintiff brings claims arising out of a July 2025 incident at Pontiac Correctional Center, where he was incarcerated at the time. Plaintiff names as Defendants: Brent Summer, Matthew Cope, John Does 1 through 4, Jade Sullivan, R. Rivett, Rebecca Riggs, and Latoya Hughes. The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims.

1

## BACKGROUND

On July 4, 2025, Plaintiff was slammed and shoved repeatedly by members of Pontiac's tact team. They also twisted his wrist and hyperextended his thumb. Plaintiff suffered multiple abrasions and contusions on his head and face. The tact team would later conduct a cavity search of Plaintiff that caused him great pain. John Does 1-3 were members of the tact team.

After the attack, Plaintiff was brought to see nurse Sullivan. However, one of the tact team members pressed his shield against Plaintiff's face in a manner that prevented him from speaking to Sullivan about his injuries. Plaintiff alleges that "while being sadistic, nurse Jade Sullivan stated 'you shouldn't have did what you did,' and left without administering and completing my injury report." Plaintiff states that he suffered excruciating pain for multiple days with no pain medication because of Sullivan.

Plaintiff's grievance stemming from the tact team incident was denied "with negligence" at each level of review. Plaintiff alleges that the grievance was supported by medical and other evidence, and that the investigation into his grievance was insufficient.

2

Plaintiff's Complaint contains five enumerated counts. In Count I, Plaintiff brings a claim of excessive force against John Does 1-3, Sumner, and Cope.

In Count II, Plaintiff brings claims against John Does 1-3, Sumner, and Cope based on their failure to intervene in the excessive force contemplated in Count I.

In Count III, Plaintiff brings a claim of deliberate indifference to serious medical needs against Sullivan.

In Count IV, Plaintiff brings a claim that his rights to due process and equal protection under the Fourteenth Amendment were violated when Rivett, Riggs, Hughes, and John Doe #4 failed to adequately investigate his grievance.

In Count V, Plaintiff claims that John Doe #4's failure to train and discipline officers amounted to deliberate indifference under the Eighth Amendment.

## Analysis

Pursuant to 28 U.S.C. § 1915A, the Court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if

3

warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff has stated claims for excessive force against John Does 1-3, as it can be plausibly inferred from Plaintiff's factual allegations that those Defendants took part in the incident on July 4, 2025. Although Plaintiff does not specifically describe which tact team member took which specific actions, the court finds that he has sufficiently stated a claim that John Does 1-3 also failed to intervene in the excessive force. Finally, Plaintiff has stated an Eighth Amendment deliberate indifference to serious medical needs

4

claim against Sullivan based on her refusal to treat him or provide him with pain medication.

Plaintiff has not, however, stated any claims against Sumner or Cope. While Plaintiff includes Sumner and Cope in both his excessive force and failure to intervene claims, the Complaint does not allege that those Defendants were members of the tact team, it does not otherwise describe those Defendants as taking part in the attack, and does not even suggest that they were in the vicinity during that attack. See *Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018) ("An officer who fails to intervene to try to prevent known cruel or unusual force, *despite a reasonable opportunity to do so,* may be held liable under § 1983." (Emphasis added.)).

Plaintiff has also failed to state any claim stemming from the purportedly inadequate investigation into his grievance. Plaintiff has no due process right to an investigation of his grievance. *Raney v. Moon,* 2026 WL 1487855, at *2 (7th Cir. May 28, 2026) ("[P]risoners generally have no constitutional right to an investigation of their grievances."). And Plaintiff does not raise any allegations that would implicate his right to equal protection of the

laws.

Finally, Plaintiff does not state a claim against John Doe #4. First, the failure to train or discipline is a theory of municipal liability. See *Connick v. Thompson,* 563 U.S. 51, 61 (2011). Individual liability for constitutional violations under § 1983 requires some personal involvement in the deprivation to support a viable claim. *Palmer v. Marion Cnty.,* 327 F.3d 588, 594 (7th Cir. 2003). Second, Plaintiff simply has not described any training, discipline, or lack thereof in his Complaint, involving John Doe 4 or not.

**IT IS THEREFORE ORDERED:**

1.    Pursuant to its review, the Court finds that Plaintiff's Amended Complaint states Eighth Amendment excessive force claims against John Does 1-3, failure to intervene claims against John Does 1-3, and an Eighth Amendment deliberate indifference to serious medical needs claim against Jade Sullivan. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

6

2.    The Clerk is directed to DISMISS Sumner, Cope, Rivett, Riggs, Hughes, and John Doe 4 as Defendants in this case.

3.    The Clerk is directed to effect service of process on Sullivan pursuant to the Court's standard procedures.

4.    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5.    The Court will attempt service on Defendant by mailing waivers of service to them. Defendant has sixty (60) days from the date the waiver is sent to file an answer. If Defendant has not filed answers or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6.    Defendant shall file an answer within sixty (60) days of

7

the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

7.    This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does

not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

8.    Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.   If Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.   The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED July 14, 2026.


s/ *Sue E. Myerscough*

_____

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**